**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION AT LONDON**

| | |
|---|---|
| PHI HEALTH, LLC, and EMPACT MIDWEST LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*<br><br>*Defendants*. | **Case 6:22-cv-00095** |

**<u>PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Plaintiffs PHI Health, LLC and EMpact Midwest, LLC ("Plaintiffs") respectfully submit this Response to Defendants' Notice of Supplemental Authority (ECF 28).

The revised regulations will result in relevant changes both to this lawsuit and to the District of Columbia case that features prominently in Defendants' pending motion to transfer, *Association of Air Medical Services et al. v. United States Dep't Health and Human Services et al.*, 21-cv-03031-RJL (D.D.C.) ("*AAMS*").

Specifically, Plaintiffs intend to amend their Complaint in this matter in response to the revised regulations. Additionally, at the recent *AAMS* status conference, AAMS informed the D.C. court that AAMS is no longer pursuing its challenge to the "Part II" regulations, i.e., its challenge to the "QPA Presumption" that was vacated by the *LifeNet* court.

Plaintiffs' forthcoming amendment, and AAMS's decision to no longer pursue a challenge to the "QPA Presumption," are both likely to alter the "similarity of issues or claims at stake" in these two cases—a key element of Defendants' motion to transfer. *Baatz v. Columbia Gas*

*Transmission*, LLC, 814 F.3d 785, 789 (6th Cir. 2016); *see also Buff City Soap LLC v. Bynum*, 2:21-02462-JPM-CGC, 2022 WL 1285045, at *7 (W.D. Tenn. Apr. 29, 2022) (analyzing the claims in plaintiffs' amended complaint to find that the first-to-file rule was "inapplicable" due to a lack of "substantial[] overlap" in claims in the amended complaint).

Plaintiffs respectfully submit that it would be appropriate for this Court to delay any decision on Defendants' motion to transfer until Plaintiffs have amended their complaint and the parties have had an opportunity to address both that amendment and the effect of AAMS's decision to no longer pursue its challenge to the "QPA Presumption."

Dated: September 1, 2022

Respectfully submitted,

*/s/ Chrisandrea Turner*
Chrisandrea Turner
STITES & HARBISON, PLLC
250 W. Main St., Ste. 2300
Lexington, KY 40507
859-226-2261
clturner@stites.com
*Counsel to Plaintiffs*

Stephen Shackelford, Jr.
Steven Shepard
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (212) 336-8330
Email: sshepard@susmangodfrey.com
Email: sshackelford@susmangodfrey.com

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 1st day of September, 2022, I electronically filed the foregoing *Plaintiffs' Response to Defendants' Notice of Supplemental Authority* with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to counsel of record.

*/s/ Chrisandrea L. Turner*
Counsel for Plaintiffs